IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-01060-MSK-BNB

ROSE-MARIE GIACCHINO,

    Plaintiff,

v.

VERICREST FINANCIAL, INC.;
LSF7 NPL III TRUST,

    Defendants.

_____

**ORDER REMANDING ACTION**
_____

**THIS MATTER** comes before the Court *sua sponte*.

The Plaintiff commenced this action in the Colorado District Court for Douglas County, asserting state-law claims relating to a foreclosure sale involving her real property. The Defendants filed a Notice of Removal **(# 1)**, contending that this Court has federal subject-matter jurisdiction over the dispute on the grounds of diversity of citizenship. 28 U.S.C. § 1332.

The party invoking federal jurisdiction, here, the Defendants, bear the burden of proving such jurisdiction exists. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289-90 (10th Cir. 2001). All of the facts necessary to demonstrate the existence of federal subject-matter jurisdiction must appear on the face of the underlying Complaint, or, if not present there, be supplied by allegations in the Notice of Removal. *Martin*, 251 F.3d at 1290; *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961).

Diversity jurisdiction exists only where the case involves a dispute between "citizens of

1

different states." 28 U.S.C. § 1332(a)(1).  Here, the Notice of Removal indicates that the Plaintiff is a citizen of Colorado, and that Defendant Vericrest Financial, Inc. is a "foreign corporation"[1] with its principal place of business in Oklahoma.

However, the citizenship of Defendant LSF7 NP III Trust ("the Trust"), is a more complicated affair.  The Complaint acknowledges that the Plaintiff "has been unable to locate information regarding the corporate status, entity of formation, place ob business, or other relevant data" regarding the Trust.  The Notice of Removal sheds little additional light on the question, noting only that the Trust "has its principal place of business in Wilmington, Delaware."

With regard to the task of ascertaining the citizenship of a trust, the law is unclear.  In *Navarro Savings Assn. v. Lee*, 446 U.S. 458 (1980), the Supreme Court was tasked with determining "whether the trustees of a business trust may invoke the diversity jurisdiction of the federal courts on the basis of their own citizenship, rather than that of the trust's beneficial shareholders."  Concluding that the trustees, not the 9,500 shareholders of the trust, were the real parties in interest, insofar as the trustees "posses[ed] certain customary powers to hold, manage, and dispose of assets for the benefit of others," the Court concluded that the citizenship of the trustees themselves was determinative of the citizenship of the trust for diversity jurisdiction purposes.  *Id.* at 464, 465-66.  *Navarro* thus suggests that the Trust here is a citizen of every state in which its trustees hold citizenship.  Because neither the Complaint nor the Notice of Removal

---

[1] The Court assumes that, in this context, a "foreign corporation" is one that is not incorporated under the laws of the State of Colorado.  This would make Vericrest a citizen of a different state than the Plaintiff.  28 U.S.C. § 1332(c)(1) (corporation's citizenship is determined both by the corporation's state of incorporation and the state in which it maintains its principal place of business).

makes any reference to the citizenship of the Trust's trustees, the Defendants have failed to carry their burden of demonstrating that the Trust is not a citizen of Colorado.

The court in *San Juan Basin Royalty Trust v. Burlington Resources Oil & Gas Co.*, 588 F.Supp.2d 1274, 1276-77 (D.N.M. 2008), approached the question from a different perspective. It noted that cases like *Navarro* involved the trustees bringing suit in their own name on the trust's behalf, not cases in which the trust brought suit in its own name. *Id.* at 1277. After thoughtfully dissecting the issue, the court in *San Juan Basin* concluded that "[w]hen suit is brought by a trust in its own name . . . the trust takes on the citizenship of its beneficiaries." *Id.* at 1280. Were this Court to apply the test of *San Juan Basin*, the Defendants' Notice of Removal here is again deficient, this time because neither it nor the Complaint identifies the citizenship of the Trust's beneficiaries.

The sole factual averment in the record regarding the citizenship of the Trust is the assertion in the Notice of Removal that its "principal place of business" is in Delaware. Thus, the Notice of Removal sufficiently pleads diversity of citizenship only if the sole determinant of a trust's citizenship is its principal place of business. This Court's own research has located no authority for such a proposition. Accordingly, the Court finds that the Defendants have not carried their burden of adequately demonstrating the existence of federal subject-matter jurisdiction, requiring remand of this action.

Pursuant to 28 U.S.C. § 1447(c), the Court finds that, on the existing record, it lacks subject-matter jurisdiction over this action. The case is thus **REMANDED** to the Colorado District Court for Douglas County. The Clerk of the Court shall transmit the entire case file of this action to the Clerk for the District Court in Douglas County, and shall thereafter close this

case.

        Dated this 13th day of May, 2011

                                                **BY THE COURT:**

                                                Marcia S. Krieger
                                                United States District Judge